FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 14, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OLIVINE M.,[1] <br>              Plaintiff, <br><br>   vs. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] <br>              Defendant. | No. 4:20-cv-05146-MKD <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> ECF Nos. 17, 18 |

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER - 1

1   Before the Court are the parties' cross-motions for summary judgment. ECF

2 Nos. 17, 18. The parties consented to proceed before a magistrate judge. ECF No.

3 6. The Court, having reviewed the administrative record and the parties' briefing,

4 is fully informed. For the reasons discussed below, the Court grants Plaintiff's

5 motion, ECF No. 17, and denies Defendant's motion, ECF No. 18.

6          **JURISDICTION**

7   The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

8 1383(c)(3).

9        **STANDARD OF REVIEW**

10   A district court's review of a final decision of the Commissioner of Social

11 Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

12 limited; the Commissioner's decision will be disturbed "only if it is not supported

13 by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

14 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a

15 reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

16 (quotation and citation omitted). Stated differently, substantial evidence equates to

17 "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

18 citation omitted). In determining whether the standard has been satisfied, a

19 reviewing court must consider the entire record as a whole rather than searching

20 for supporting evidence in isolation. *Id.*

ORDER - 2

1    In reviewing a denial of benefits, a district court may not substitute its

2    judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

3    1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

4    rational interpretation, [the court] must uphold the ALJ's findings if they are

5    supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674

6    F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

7    ALJ's decision on account of an error that is harmless."  *Id.*  An error is harmless

8    "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

9    *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's

10   decision generally bears the burden of establishing that it was harmed.  *Shinseki v.*

11   *Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

13   A claimant must satisfy two conditions to be considered "disabled" within

14   the meaning of the Social Security Act.  First, the claimant must be "unable to

15   engage in any substantial gainful activity by reason of any medically determinable

16   physical or mental impairment which can be expected to result in death or which

17   has lasted or can be expected to last for a continuous period of not less than twelve

18   months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

19   impairment must be "of such severity that he is not only unable to do his previous

20   work[,] but cannot, considering his age, education, and work experience, engage in

ORDER - 3

any other kind of substantial gainful work which exists in the national economy."

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to

determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§

404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner

considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis

proceeds to step two.  At this step, the Commissioner considers the severity of the

claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the

claimant suffers from "any impairment or combination of impairments which

significantly limits [his or her] physical or mental ability to do basic work

activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c),

416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to

severe impairments recognized by the Commissioner to be so severe as to preclude

a person from engaging in substantial gainful activity.  20 C.F.R. §§

ORDER - 4

404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination,

the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On July 5, 2017, Plaintiff applied for Title II disability insurance benefits alleging a disability onset date of October 29, 2016. Tr. 15, 58, 153-59. The application was denied initially and on reconsideration. Tr. 83-85, 89-95. On March 15, 2018, Plaintiff applied Title XVI supplemental security income benefits; this application was escalated to the hearing level. Tr. 170-80. Prior to the hearing, Plaintiff requested a closed period of disability from October 30, 2016

through August 19, 2018.  Tr. 15, 287.  A hearing was held on June 10, 2019; Plaintiff did not appear at the hearing.  Tr. 42-57.  On July 2, 2019, the ALJ denied Plaintiff's claim.  Tr. 12-41.

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through December 31, 2020, engaged in substantial gainful activity in 2018 during an unspecified period, but there was a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity.  Tr. 17-18.  At step two, the ALJ found that Plaintiff has the following severe impairments: a major depressive disorder, an anxiety disorder, a bipolar disorder, post-traumatic stress disorder (PTSD), and social anxiety.  Tr. 18.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  *Id.*  The ALJ then concluded that Plaintiff has the RFC to perform a full range of work at all exertional levels but with the following limitations:

> [Plaintiff] is limited to simple, routine tasks with a reasoning level of three or less; work with only occasional changes in the work setting; work involving no interaction with the public, although she can be around the public; and occasional interaction with co-workers.

Tr. 21.

At step four, the ALJ found Plaintiff is unable to perform any of her past relevant work.  Tr. 34.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert,

ORDER - 7

there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as janitor, hand packager, and store laborer.  Tr. 35. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of October 30, 2016, through the date of the decision.  Tr. 36.

On June 23, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for review:

1.  Whether the ALJ properly evaluated the medical opinion evidence;

2.  Whether the ALJ conducted a proper step-one analysis;

3.  Whether the ALJ conducted a proper step-three analysis;

4.  Whether the ALJ properly evaluated Plaintiff's symptom claims;

5.  Whether the ALJ properly evaluated lay witness evidence; and

6.  Whether the ALJ conducted a proper step-five analysis.

ECF No. 17 at 6.

ORDER - 8

**DISCUSSION**

**A. Medical Opinion Evidence**

Plaintiff contends the ALJ erred in his consideration of the opinions of Nora Marks, Ph.D., and Ioly Lewis, PMHNP. ECF No. 17 at 10-14. As an initial matter, for claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a

ORDER - 9

1 medical source has familiarity with the other evidence in the claim or an

2 understanding of our disability program's policies and evidentiary requirements").

3 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

4      Supportability and consistency are the most important factors, and therefore

5 the ALJ is required to explain how both factors were considered.  20 C.F.R. §§

6 404.1520c(b)(2), 416.920c(b)(2).  Supportability and consistency are explained in

7 the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence
> and supporting explanations presented by a medical source are to
> support his or her medical opinion(s) or prior administrative medical
> finding(s), the more persuasive the medical opinions or prior
> administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior
> administrative medical finding(s) is with the evidence from other
> medical sources and nonmedical sources in the claim, the more
> persuasive the medical opinion(s) or prior administrative medical
> finding(s) will be.

14 20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).  The ALJ may, but is not

15 required to, explain how the other factors were considered.  20 C.F.R. §§

16 404.1520c(b)(2), 416.920c(b)(2).[3]  However, when two or more medical opinions

_____

18 [3] The parties disagree over whether Ninth Circuit case law continues to be

19 controlling in light of the amended regulations.  ECF No. 17 at 10-14; ECF No. 18

20 at 7-13; ECF No. 19 at 3-7.  The Court finds resolution of this question

ORDER - 10

1  or prior administrative findings "about the same issue are both equally well-

2  supported ... and consistent with the record ... but are not exactly the same," the

3  ALJ is required to explain how "the other most persuasive factors in paragraphs

4  _____

5  unnecessary to the disposition of this case.  "It remains to be seen whether the new

6  regulations will meaningfully change how the Ninth Circuit determines the

7  adequacy of [an] ALJ's reasoning and whether the Ninth Circuit will continue to

8  require that an ALJ provide 'clear and convincing' or 'specific and legitimate

9  reasons' in the analysis of medical opinions, or some variation of those standards."

10  *Gary T. v. Saul*, No. EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June

11  29, 2020) (citing *Patricia F. v. Saul*, No. C19-5590-MAT, 2020 WL 1812233, at

12  *3 (W.D. Wash. Apr. 9, 2020)).  "Nevertheless, the Court is mindful that it must

13  defer to the new regulations, even where they conflict with prior judicial precedent,

14  unless the prior judicial construction 'follows from the unambiguous terms of the

15  statute and thus leaves no room for agency discretion.'"  *Gary T.*, 2020 WL

16  3510871, at *3 (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet*

17  *Services*, 545 U.S. 967, 981-82 (2005); *Schisler v. Sullivan*, 3 F.3d 563, 567-58 (2d

18  Cir. 1993) ("New regulations at variance with prior judicial precedents are upheld

19  unless 'they exceeded the Secretary's authority [or] are arbitrary and

20  capricious.'").

ORDER - 11

1  (c)(3) through (c)(5)" were considered.  20 C.F.R. §§ 404.1520c(b)(3),

2  416.920c(b)(3).

3      *1. Dr. Marks*

4      On February 23, 2018, Dr. Marks conducted a psychological examination

5  and rendered an opinion on Plaintiff's functioning.  Tr. 657-62.  Dr. Marks

6  diagnosed Plaintiff with generalized anxiety disorder, agoraphobia, and bipolar

7  disorder, in partial remission.  Tr. 659.  Dr. Marks opined Plaintiff has no to mild

8  limitations in her ability to understand, remember, and persist in tasks by following

9  very short and simple instructions; moderate limitations in her ability to

10  understand, remember, and persist in tasks by following detailed instructions, learn

11  new tasks, perform routine tasks without special supervision, adapt to changes in a

12  routine work setting, make simple work-related decisions, and ask simple

13  questions or request assistance; marked limitations in her ability to communicate

14  and perform effectively in a work setting, maintain appropriate behavior in a work

15  setting, and set realistic goals and plan independently; and severe limitations in her

16  ability to be aware of normal hazards and take appropriate precautions, complete a

17  normal workday/workweek without interruptions from psychologically-based

18  symptoms, and perform activities within a schedule, maintain attendance, and be

19  punctual within customary tolerances without special supervision.  Tr. 660.  Dr.

20  Marks opined Plaintiff's impairments overall have a marked severity rating, and

ORDER - 12

1    Plaintiff's limitations were expected to last 12 months with treatment.  *Id.*  The

2    ALJ found Dr. Marks' opinion was not persuasive.  Tr. 29.

3            First, the ALJ found Dr. Marks' opinion was inconsistent with the

4    longitudinal record.  *Id.*  Consistency is one of the most important factors an ALJ

5    must consider when determining how persuasive a medical opinion is.  20 C.F.R.

6    §§ 404.1520c(b)(2), 416.920c(b)(2).  The more consistent an opinion is with the

7    evidence from other sources, the more persuasive the opinion is.  20 C.F.R. §§

8    404.1520c(c)(2), 416.920c(c)(2).  After stating Dr. Marks' opinion was

9    inconsistent with the longitudinal record, the ALJ gave a two-and-a-half-page

10   summary of the medical evidence, Tr. 29-31, but did not provide any analysis as to

11   what specific evidence is inconsistent with Dr. Marks' opinion.  Defendant offers

12   an analysis of the evidence, including arguing Dr. Marks' opinion is inconsistent

13   with Plaintiff's ability to return to work, and arguing the opinion was inconsistent

14   with Dr. Marks' own examination.  ECF No. 18 at 14.  However, the ALJ did not

15   offer such analysis, and thus the Court will not consider the *post hoc*

16   rationalization.  *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court

17   will "review only the reasons provided by the ALJ in the disability determination

18   and may not affirm the ALJ on a ground upon which he did not rely.").  A

19   summary of the medical evidence without any analysis, particularly when the

20   summary includes evidence that is supportive of Dr. Marks' opinion, such as

ORDER - 13

Plaintiff's 2016 suicide attempt, and her presentation at Dr. Mark's examination in which she was depressed, agitated, underweight, confused, and paranoid, does not amount to substantial evidence to support the ALJ's conclusion that the longitudinal record is inconsistent with Dr. Marks' opinion.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

Second, the ALJ found Dr. Marks' opinion was inconsistent with Plaintiff's activities of daily living.  Tr. 29, 31.  Consistency with the other evidence is one of the most important factors in determining the persuasiveness of an opinion.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  The ALJ noted that in February 2018, Plaintiff reported caring for her grandmother, and in July 2018 she went to Alaska.  Tr. 30-31 (citing Tr. 555, 628).  While Plaintiff reported caring for her grandmother on one occasion, there are no further details of the care provided.  Tr. 30, 555.  Plaintiff also reported helping her husband and child get ready for school/work, but again there are minimal details regarding any care provided.  Tr. 243-44.  The ability to care for others without help has been considered an activity that may undermine claims of totally disabling pain.  *Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001).  However, if the care activities are to serve as a basis for the ALJ to discredit the Plaintiff's symptom claims, the record must identify the nature, scope, and duration of the care involved and this care must be "hands on" rather than a "one-off" care activity.  *Trevizo v. Berryhill*, 871 F.3d

664, 675-76 (9th Cir. 2017).  Here, the ALJ has not set forth any analysis of the care Plaintiff provided for her grandmother or child.

The ALJ also noted that Plaintiff reported in her function report that she was able to care for her dogs, drive, exercise, cook complete meals, handle household chores, go shopping, spend time with others, handle money, handle personal care, and could follow instructions and get along with authority figures.  Tr. 31 (citing Tr. 242-49).  However, Plaintiff's function report also noted she only cared for her hair two to three times per week, she had assistance around the home from her twelve-year-old and her husband, she had anxiety attacks outside of her home, and slept a lot of the day.  Tr. 243.  Plaintiff reported needing reminders to take her medications, she did not help with household chores when depressed, she preferred to have a person or her dog to accompany her places, she had difficulties with memory, completing tasks, and concentration, she handled stress and change poorly, feared leaving her house, her medications caused her to be tired, and while the ALJ noted Plaintiff "admitted that she got along with authority figures," Plaintiff's answer to how well she gets along with authority figures only states, "I obey laws and rules" and does not explain her ability to get along with authority figures.  Tr. 244-48.  Further, the ALJ merely summarized Plaintiff's function report and cited to two activities in 2018, without any analysis of how the activities are inconsistent with Plaintiff's allegations.  As such, the ALJ's finding that

Plaintiff's activities of daily living were inconsistent with Dr. Marks' opinion is

not supported by substantial evidence. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th

Cir. 1989); *Molina*, 674 F.3d at 1113. On remand, the ALJ is instructed to

reconsider Dr. Marks' opinion and incorporate the limitations into the RFC or give

reasons supported by substantial evidence to reject the opinion.

### 2. Ms. Lewis

On April 11, 2019, Ms. Lewis, a treating mental health nurse practitioner,

rendered an opinion on Plaintiff's functioning. Tr. 511-14. She opined that during

the time Plaintiff was not working, Plaintiff was unable to get out of her home due

to panic attacks, she would have missed four or more days per month of work, she

would have been off task more than 30 percent of the time, and even a minimal

increase in mental demands or change in environment would have been predicted

to cause Plaintiff to decompensate. Tr. 513-14. She further opined Plaintiff had

mild limitations in her ability to make simple work-related decisions, and

understand, remember, or apply information; moderate limitations in her ability to

interact appropriately with the general public, ask simple questions or request

assistance, get along with coworkers or peers without distracting them or

exhibiting behavioral extremes, maintain socially appropriate behavior and adhere

to basic standards of neatness and cleanliness, be aware of normal hazards and take

appropriate precautions, interact with others, and concentrate, persist or maintain

ORDER - 16

pace; marked limitations in her ability to complete a normal workday/workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, accept instructions and respond appropriately to criticism from supervisors, respond appropriately to changes in the work setting, set realistic goals or make plans independently of others, and adapt or manage oneself; and severe limitations in her ability to travel to unfamiliar places or use public transportation.  Tr. 512-13.  The ALJ found Ms. Lewis' opinion was partially persuasive.  Tr. 26.

First, the ALJ found Ms. Lewis did not provide objective evidence to support her opinion.  *Id.*  Supportability is one of the most important factors an ALJ must consider when determining how persuasive a medical opinion is.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  The more relevant objective evidence and supporting explanations that support a medical opinion, the more persuasive the medical opinion is.  20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  While the ALJ found Ms. Lewis did not support her opinion with any objective evidence, the ALJ failed to provide any analysis of Ms. Lewis' treatment records.  Without any analysis of whether the objective evidence is consistent with Ms. Lewis' opinion, the ALJ's finding that Ms. Lewis' opinion is not supported by objective evidence is not supported by substantial evidence.  *See Garrison v. Colvin*, 759 F.3d 995, 1014 n. 17 (9th Cir. 2014).

ORDER - 17

1    Second, the ALJ found Ms. Lewis' opinion was inconsistent with the

2  longitudinal record.  Tr. 26.  Consistency is one of the most important factors an

3  ALJ must consider when determining how persuasive a medical opinion is.  20

4  C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  The more consistent an opinion is

5  with the evidence from other sources, the more persuasive the opinion is.  20

6  C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).  After stating Ms. Lewis' opinion was

7  inconsistent with the longitudinal record, the ALJ gave an identical summary of the

8  evidence as he gave for Dr. Marks' opinion.  Tr. 26-28.  The ALJ again did not

9  provide any analysis of any inconsistencies between the evidence and Ms. Lewis'

10  opinion, but rather only provided an exact duplicate of the summary of the

11  evidence given in relation to Dr. Marks' opinion.  As such, the ALJ's finding that

12  Ms. Lewis' opinion was inconsistent with the longitudinal record is not supported

13  by substantial evidence.  On remand, the ALJ is instructed to reconsider Ms.

14  Lewis' opinion and incorporate the opinion into the RFC or give reasons supported

15  by substantial evidence to reject the opinion.

16  **B. Step One**

17    Plaintiff contends the ALJ erred at step one by finding Plaintiff engaged in

18  substantial gainful activity during an unspecified time in 2018.  ECF No. 17 at 8-

19  10.  At step one of the sequential evaluation process, the ALJ considers the

20  claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i).  If the

claimant is engaged in "substantial gainful activity," the ALJ must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b); 416.920(b).

The ALJ found Plaintiff engaged in substantial gain activity levels in 2018 but stated "the specific period of substantial gainful activity is not clear."  Tr. 17-18.  The ALJ found there was a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity, and stated the findings address the period(s) in which Plaintiff did not engage in substantial gainful activity.  Tr. 18. Plaintiff has requested a closed period of disability, and reports she returned to engaging in substantial gainful activity on August 19, 2018.  Tr. 287.  The new hire report indicates Plaintiff was hired August 20, 2018, Tr. 196, and Plaintiff has reported earnings in the third and fourth quarters of 2018, but no reported earnings in the first or second quarters of 2018, Tr. 196-97, which is consistent with her return to work in August 2018.  As the case is being remanded for the ALJ to reconsider the medical opinion evidence, the ALJ is also instructed to perform the five-step analysis anew, including reconsidering his step-one analysis.

**C. Step Three**

Plaintiff contends the ALJ erred by finding that Plaintiff's mental health impairments did not meet Listings 12.04, 12.06, 12.15, nor 5.08.  ECF No. 17 at 14-15.  At step three, the ALJ must determine if a claimant's impairments meet or equal a listed impairment.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

1  The Listing of Impairments "describes for each of the major body systems

2  impairments [which are considered] severe enough to prevent an individual from

3  doing any gainful activity, regardless of his or her age, education or work

4  experience." 20 C.F.R. §§ 404.1525, 416.925.  "Listed impairments are

5  purposefully set at a high level of severity because 'the listings were designed to

6  operate as a presumption of disability that makes further inquiry unnecessary.'"

7  *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (citing *Sullivan v. Zebley*,

8  493 U.S. 521, 532 (1990)).  "Listed impairments set such strict standards because

9  they automatically end the five-step inquiry, before residual functional capacity is

10  even considered." *Kennedy,* 738 F.3d at 1176.  If a claimant meets the listed

11  criteria for disability, she will be found to be disabled.  20 C.F.R. §§

12  404.1520(a)(4)(iii), 416.920(a)(4)(iii).

13      "To *meet* a listed impairment, a claimant must establish that he or she meets

14  each characteristic of a listed impairment relevant to his or her claim." *Tackett,*

15  180 F.3d at 1099 (emphasis in original); 20 C.F.R. §§ 404.1525(d), 416.925(d).

16  "To *equal* a listed impairment, a claimant must establish symptoms, signs and

17  laboratory findings 'at least equal in severity and duration' to the characteristics of

18  a relevant listed impairment . . ." *Tackett*, 180 F.3d at 1099 (emphasis in original)

19  (quoting 20 C.F.R. § 404.1526(a)).  "If a claimant suffers from multiple

20  impairments and none of them individually meets or equals a listed impairment,

ORDER - 20

the collective symptoms, signs and laboratory findings of all of the claimant's

impairments will be evaluated to determine whether they meet or equal the

characteristics of any relevant listed impairment." *Id*.  However, "[m]edical

equivalence must be based on medical findings," and "[a] generalized assertion of

functional problems is not enough to establish disability at step three." *Id*. at 1100

(quoting 20 C.F.R. § 404.1526(a)).

The claimant bears the burden of establishing her impairment (or

combination of impairments) meets or equals the criteria of a listed impairment.

*Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).  "An adjudicator's

articulation of the reason(s) why the individual is or is not disabled at a later step in

the sequential evaluation process will provide rationale that is sufficient for a

subsequent reviewer or court to determine the basis for the finding about medical

equivalence at step 3."  Social Security Ruling (SSR) 17-2P, 2017 WL 3928306, at

*4 (effective March 27, 2017).

Here, the ALJ found that Plaintiff's impairments and combinations of

impairments did not meet or equal any listings, including Listings 12.04, 12.06,

12.15, and 5.08.  Tr. 18-20.  As the case is being remanded for the ALJ to

reconsider the medical opinion evidence and perform the five-step analysis anew,

the ALJ is also instructed to reconsider whether Plaintiff's impairments met or

equaled a listing.  The ALJ is further instructed to call a psychological expert at the

ORDER - 21

1   hearing to assist with determining if Plaintiff's impairments met or equaled a

2   listing, and if not, to give an opinion on Plaintiff's RFC during the relevant period.

3   **D. Plaintiff' Symptom Claims**

4       Plaintiff faults the ALJ for failing to rely on reasons that were clear and

5   convincing in discrediting her symptom claims.  ECF No. 17 at 16-19.  An ALJ

6   engages in a two-step analysis to determine whether to discount a claimant's

7   testimony regarding subjective symptoms.  SSR 16–3p, 2016 WL 1119029, at *2.

8   "First, the ALJ must determine whether there is objective medical evidence of an

9   underlying impairment which could reasonably be expected to produce the pain or

10  other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted).

11  "The claimant is not required to show that [the claimant's] impairment could

12  reasonably be expected to cause the severity of the symptom [the claimant] has

13  alleged; [the claimant] need only show that it could reasonably have caused some

14  degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

15      Second, "[i]f the claimant meets the first test and there is no evidence of

16  malingering, the ALJ can only reject the claimant's testimony about the severity of

17  the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

18  rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

19  omitted).  General findings are insufficient; rather, the ALJ must identify what

20  symptom claims are being discounted and what evidence undermines these claims.

ORDER - 22

*Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)).  "The clear and convincing [evidence] standard is the most demanding required in Social Security cases."  *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§ 404.1529I, 416.929I.  The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

ORDER - 23

1    The ALJ found that Plaintiff's medically determinable impairments could

2  reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

3  statements concerning the intensity, persistence, and limiting effects of her

4  symptoms were not entirely consistent with the evidence.  Tr. 23.

5    The ALJ's evaluation of Plaintiff's symptom claims, and the resulting

6  limitations relies almost entirely on the ALJ's assessment of the medical evidence.

7  The Court notes that the ALJ's assessment of Plaintiff's symptom claims being

8  inconsistent with the medical evidence, Tr. 23-25, is identical to the summary of

9  the evidence set forth in relation to Ms. Lewis and Dr. Marks' opinions; yet the

10  summary of the evidence again does not contain an analysis of the inconsistencies

11  between Plaintiff's allegations and the evidence.  Having determined a remand is

12  necessary to readdress the medical source opinions, any reevaluation must

13  necessarily entail a reassessment of Plaintiff's subjective symptom claims.  Thus,

14  the Court need not reach this issue and on remand the ALJ must also carefully

15  reevaluate Plaintiff's symptom claims in the context of the entire record.  *See Hiler*

16  *v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to

17  the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground

18  for remand.").

19

20

ORDER - 24

**E. Lay Witness Evidence**

Plaintiff contends the ALJ erred in his consideration of the statement of Richard M.  ECF No. 17 at 18-19.  An ALJ must consider the statement of lay witnesses in determining whether a claimant is disabled.  *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006).  Lay witness evidence cannot establish the existence of medically determinable impairments, but lay witness evidence is "competent evidence" as to "how an impairment affects [a claimant's] ability to work."  *Id.*; 20 C.F.R. §§ 404.1513, 416.913; *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition.").  If a lay witness statement is rejected, the ALJ "'must give reasons that are germane to each witness.'"  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citing *Dodrill*, 12 F.3d at 919).

Mr. M., Plaintiff's spouse, provided an undated statement regarding Plaintiff's functioning.  Tr. 285.  Mr. M. reported plaintiff had both manic and depressive phases, and during the depressive phases, Plaintiff would not get out of bed, shower, change her clothes, nor leave the house.  *Id.*  He reported Plaintiff would go to the store with him late in the evening when there were not many people, but she would not go by herself.  *Id.*  He saw a steady improvement in spring 2018, after Plaintiff began a new medication regimen.  *Id.*  The ALJ

mentioned Mr. M.'s opinion but did not provide any analysis of the opinion.  Tr. 22-23.  While the ALJ is not required to articulate how he considered evidence from nonmedical sources under the new regulations, as the case is being remanded for the reasons discussed *supra,* the ALJ is also instructed to reconsider the lay witness evidence.  *See* 20 C.F.R. §§ 404.1520c(d), 416.920c(d).

**F.  Step Five**

Plaintiff contends the ALJ erred at step five by posing an incomplete hypothetical to the vocational expert.  ECF No. 17 at 19-20.  "[I]f a claimant establishes an inability to continue [his] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work."  *Burch*, 400 F.3d at 679 (*citing Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).  At step five, "the ALJ ... examines whether the claimant has the [RFC] ... to perform any other substantial gainful activity in the national economy."  *Id*.  "If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do."  *Tackett*, 180 F.3d at 1099.  "There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do: (1) by the testimony of a [VE], or (2) by reference to the Medical-Vocational Guidelines...."  *Id*.  "If the Commissioner meets this burden, the claimant is not disabled and

therefore not entitled to ... benefits." *Id*. (citation omitted).  "If the Commissioner cannot meet this burden, then the claimant is disabled and therefore entitled to ... benefits."  *Id*. (citation omitted).

As the case is being remanded for the ALJ to reconsider the medical evidence and perform the five-step analysis anew, the ALJ is also instructed to reconsider the step-five analysis.

**G. Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits. ECF No. 17 at 20.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court."  *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings."  *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three

ORDER - 27

1  conditions are met.  *Garrison*, 759 F.3d at 1020 (citations omitted).  Under the

2  credit-as-true rule, where (1) the record has been fully developed and further

3  administrative proceedings would serve no useful purpose; (2) the ALJ has failed

4  to provide legally sufficient reasons for rejecting evidence, whether claimant

5  testimony or medical opinion; and (3) if the improperly discredited evidence were

6  credited as true, the ALJ would be required to find the claimant disabled on

7  remand, the Court will remand for an award of benefits.  *Revels v. Berryhill*, 874

8  F.3d 648, 668 (9th Cir. 2017).  Even where the three prongs have been satisfied,

9  the Court will not remand for immediate payment of benefits if "the record as a

10  whole creates serious doubt that a claimant is, in fact, disabled."  *Garrison*, 759

11  F.3d at 1021.

12      Here, the Court finds further proceedings are necessary to resolve conflicts

13  in the record, including conflicting medical opinions, as well as to further develop

14  the record by taking testimony from a psychological expert.  As such, the case is

15  remanded for further proceedings consistent with this Order.

16                    **CONCLUSION**

17      Having reviewed the record and the ALJ's findings, the Court concludes the

18  ALJ's decision is not supported by substantial evidence and is not free of harmful

19  legal error.  Accordingly, **IT IS HEREBY ORDERED**:

20

ORDER - 28

1      1. The District Court Executive is directed to substitute Kilolo Kijakazi as

2   Defendant and update the docket sheet.

3      2. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

4      3. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

5      4. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff

6   REVERSING and REMANDING the matter to the Commissioner of Social

7   Security for further proceedings consistent with this recommendation pursuant to

8   sentence four of 42 U.S.C. § 405(g).

9      The District Court Executive is directed to file this Order, provide copies to

10  counsel, and **CLOSE THE FILE.**

11     DATED September 14, 2021.

12                                _s/Mary K. Dimke_
                                MARY K. DIMKE
13               UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

ORDER - 29